BASKIN, Judge.
Defendant appeals the trial court’s denial of his motion to correct an illegal sentence pursuant to rule 3.800, Florida Rules of Criminal Procedure. Defendant maintains that the sentence imposed, five concurrent life sentences for five felonies, exceeded the sentence of seven years imprisonment to which he asserts he agreed prior to entering his guilty plea.
The trial court held that defendant’s sentence did not exceed the statutory maximum, but that if the alleged illegality were before the court on a motion to vacate pursuant to rule 3.850, Florida Rules of Criminal Procedure, then the motion was untimely and insufficient. The court stated in its order:
(a) The defendant entered a plea of guilty on July 13, 1982.
(b) The Rule 3.850 was sworn to by the defendant on July 6, 1988 and filed with the Court on July 13, 1988. Well after the deadline of January 1, 1987.
(c) The motion is also insufficient in that it fails to state the following as required under Rule 3.850 Fla.Cr.P.:
1. Whether there was an appeal from the judgment or sentence and the disposition thereof; and
2. Whether a previous post-conviction motion has been filed and if so, how many.
This court required the trial court to reconstruct the record.[1] Based on the foregoing findings and our review of the reconstructed record, we find no error.
Affirmed.

. Defendant's trial counsel testified at the hearing to reconstruct the record. He stated that he would not have permitted his client to plead guilty if the sentence were other than that agreed, and that he believed life imprisonment was an appropriate plea based upon the charges against his client.